**Manuel DeJESUS, Plaintiff-Appellant,**

v.

**Henry RIDDER, Defendant-Appellee.**

**No. 16978.**

United States Court of Appeals
Seventh Circuit.

June 5, 1969.

Dom J. Rizzi, Chicago, Ill., for plaintiff-appellant.

John J. O'Malley, Chicago, Ill., for defendant-appellee.

Before KNOCH, Senior Circuit Judge and KILEY and KERNER, Circuit Judges.

KNOCH, Senior Circuit Judge.

The plaintiff-appellant, Manuel De-Jesus, brought suit in the United States District Court to recover damages for personal injuries suffered in an accident with a beet topping machine while plaintiff was employed on the farm of defendant-appellee, Henry Ridder, allegedly through the negligence of the defendant.

The sole question on appeal concerns the use of pre-trial depositions. It is plaintiff's position that after he had successfully impeached witnesses on the important issues of whether instructions in the use of the machine were given to plaintiff and which of two available sticks he was using at the time of the accident, by showing prior inconsistent statements in depositions, the defense was improperly allowed to show prior consistent statements which did not pre-date a motive to falsify where there was no doubt that the allegedly impeaching statements had been made. Plaintiff relies on United States v. Lewis, 7 Cir., 1969, 406 F.2d 486, 492, which we find inapplicable on the facts here.

The defense does not concede that impeaching statements were shown. It is the view of the defendant, with which the District Court evidently agreed—as we do—that the statements quoted from pre-trial depositions only appeared to be impeaching because a part only of those depositions was offered in evidence. The defense introduced other parts of the same depositions pursuant to Rule 26(d)(4) of the Federal Rules of Civil Procedure, in order to clarify and explain and not to show that the witnesses had made prior statements consistent with their testimony at the trial.

As the Court held in Westinghouse Electric Corp. v. Wray Equipment Corp., 1 Cir., 1961, 286 F.2d 491, 494, cert. den. 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 Rule 26(d)(4) provides a method for averting misinterpretation arising from selective use of deposition testimony by allowing the context or any qualifications of a statement also to be put into evidence.

On pre-trial examination of the defendant, he had been asked:

Did anyone, at any time during the year 1964, instruct Manuel DeJesus in the operation of this red beet topping machine, *in your presence?* (emphasis ours)

to which he answered:

No.

It is apparent that the defendant understood this to mean did someone else instruct in his presence because earlier in the same deposition, the witness said that in 1964 oral instructions were given prior to the accident. He named those present, including the plaintiff, and continued:

I instructed each one. * * *

and

On the morning of the accident, I personally, instructed Manuel DeJesus to be more careful.

At the trial, Mr. Ridder was asked:

Now, Mr. Ridder, did anyone at any time during the year 1964 instruct Manuel DeJesus in the operation of this red beet-topping machine in your presence?

and answered:

I personally gave them instructions.

Plaintiff's counsel then sought to impeach the witness by quoting from the deposition the similar question and the answer "no" shown above. Standing by itself this quotation would appear to be impeaching. The Trial Court did not err in permitting its clarification by quotation of other portions of the same deposition.

At the trial, defendant's foreman was asked by plaintiff's counsel:

*At the time of the accident,* what stick was Mr. DeJesus using?

to which the witness answered:

When I left the place, he had in his hand the one, the stick with the other wood across it.

In attempting to impeach the witness, counsel asked whether on deposition he had not been asked and answered:

Q. Well, *on the day* Mr. DeJesus was hurt, was he using the stick like a

baseball bat or the stick with a piece on the bottom?

A. I am not sure. I think he was using the one with the wood piece, but I am not sure of it.

Counsel for the defense was permitted to read another portion of the same deposition:

Q. *At the time of the accident,* was Mr. DeJesus using the stick that was like a baseball bat, or was he using the stick with the piece of wood at the bottom?

A. The one with the wood piece on it. (emphasis ours)

We find no error. The judgment of the District Court is affirmed.

Affirmed.